# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANGIEANNIA K. CLARKE,**

      **Plaintiff,**

**v.**                                                 **Case No:   6:14-CV-1355-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Angieannia K. Clarke (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. Doc. No. 1; R. 312. Claimant alleges an onset of disability date as of August 1, 2010, primarily due to headaches. R. 147, 156, 312. On December 15, 2011, an Administrative Law Judge ("ALJ") issued a decision finding Claimant not disabled. *See generally* R. 188 (Appeals Council's Remand Order).

On May 12, 2012, the Appeals Council remanded the matter back to the ALJ, in part, for the following reason:

> The hearing decision indicates claimant's subjective complaints of headaches. Claimant testified that she experienced headaches three to four times per week, which is consistent with her complaints to medical providers. (The hearing decision indicates claimant testified to three to four headaches per day. . . .) The ALJ made no particular findings regarding the credibility of these subjective complaints in accordance with the factors listed in Social Security Ruling 96-7p.

R. 188. Thus, the case was remanded to the ALJ, in part, because the ALJ made no particular findings regarding the credibility of Claimant's subjective complaints of headaches. R. 188.

However, in its remand order, the Appeals Council did not direct the ALJ to take any particular action on remand with respect to Claimant's subjective complaints of headaches.  R. 189-90.

On November 15, 2012, the ALJ issued a decision finding Claimant not disabled.  R. 81-93.  At the outset of the decision, despite having received no such directive from the Appeals Council (*see* R. 189-90), the ALJ notes that the "[ALJ] was also instructed to address the claimant's credibility in regards to her headaches. . . ."  R. 81.  In this appeal, Claimant argues that the ALJ erred by failing to articulate explicit reasons, supported by substantial evidence for finding Claimant subjective statements not credible, including failing to comply with the Appeals Council's order on remand.  Doc. No. 27 at 11-17.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

I.    **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment

for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.     ANALYSIS.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or 3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[1] Thus, once the pain standard is satisfied, the issue becomes one of credibility.

---

[1] Social Security Ruling 96-7p provides:

> 2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.
>
> 3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562. The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. *Id*.

In order to determine whether the ALJ's credibility determination in this case is sufficiently explicit and supported by substantial evidence, it is helpful to review Claimant's testimony at both administrative hearings, the order from the Appeals Council, and the ALJ's decision. On November 17, 2011, Claimant testified as follows:

- Headaches are the primary impairment/symptom that prevents Claimant from working (R. 130-31);

- Claimant's headaches are severe, causing her to vomit (R. 132);

- Claimant is receiving treatment from a neurologist, but her medications are "barely work[ing]" (R. 133);

---

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96-7p, 1996 WL 374186, at *1 (1996).

- Claimant experiences headaches three to four times per week; when she first wakes in the morning she has "throbbing in the front and back of [her] head"; and the headache lasts from 1 to 4 hours, with the worst lasting 24 hours (R. 133-34); and

- Claimant cannot perform activities when experiencing a headache because light and noise exacerbate the pain (R. 133-34).

R. 130-34. As set forth above, on May 21, 2012, the Appeals Council remanded the matter to the ALJ, in part, because the ALJ "made no particular finding regarding the credibility of these subjective complaints. . . ." R. 188.

On October 25, 2012, the ALJ held a second hearing in this case. R. 101-23. At the hearing, the ALJ stated that the case was remanded, in part, for the ALJ "to take a look at the claimant's headaches." R. 103. At the second hearing, the Claimant testified as follows:

- Claimant's neurologist placed her on Fioricet and Semitrogram for headaches, which provided some relief, but Claimant lost her Medicaid insurance and has since not been able to afford to see the neurologist or have those medications refilled (R. 107-08);

- Claimant is "still getting the headaches" (R. 108);

- Claimant "still get[s] them three to four times a week, and [Claimant is] still having the headaches when [Claimant] first wakes up. [Claimant is] still having the throbbing in the middle and the right side of my head, and the pounding." (R. 109);

- Claimant is currently taking Naproxen 500mg for headaches because she cannot afford to see the neurologist (R. 109);

- Claimant has developed depression due to her ongoing headaches (R. 110);

- When Claimant gets a migraine she cannot concentrate and has to lay down and rest (R. 113);

- Claimant is not able to do anything when she has a headache (R. 116);

- Claimant had a headache the morning of the hearing (R. 116); and

- When she takes Naproxen, Claimant gets 30 minutes of relief from her headache symptoms (R. 117).

R. 107-17.  Thus, Claimant testified that while she received some relief in her headache symptoms while on Fioricet and Semitogram, she has been unable to obtain those medications or continue her treatment with the neurologist since her Medicaid insurance expired.  R. 107-08.  Claimant further testified that she continues to experience headaches three to four times a week, with minimal relief, and she cannot perform any activity while experiencing a headache.  R. 107-17.

On November 15, 2012, the ALJ issued a decision finding Claimant not disabled.  R. 81-93.  In the decision, the ALJ specifically notes that she was "instructed to address the claimant's credibility in regards to her headaches. . . ."  R. 81.[2]  At step-two of the sequential evaluation process, the ALJ found that Claimant has the following severe impairments: "headache, high blood pressure, angina pectoris without heart disease, obesity, depression and mood/anxiety disorder."  R. 83.  The ALJ determined that the Claimant has mild restrictions in activities of daily living, moderate difficulties in social functioning and in concentration, persistence or pace.  R. 84.  In making those particular findings, the ALJ discussed Claimant's mood swings and "some memory difficulties," but the ALJ did not specifically address Claimant's headaches.  R. 84.

The ALJ found that Claimant retains the following residual functional capacity (the "RFC"):

> [C]laimant has the [RFC] to perform light work as defined in [20 C.F.R. § 404.1567(b)].  Specifically, the claimant can sit, stand and walk six hours in an eight-hour workday, lift 10 pounds frequently and 20 pounds occasionally.  The claimant needs to avoid concentrated exposure to extreme heat and sunlight.  She needs to avoid concentrated exposure to hazards, such as heights and machinery.  The claimant would have difficulty with complex instructions but retains the ability to understand and perform simple, routine, tasks with occasional interaction with the public.

---

[2] As set forth above (*see supra* p. 2), the Appeals Council remand order does not specifically direct the ALJ to take any particular action with respect to Claimant's credibility.  R. 189-90.

R. 84. Thus, the ALJ found that the Claimant retains the RFC for a reduced range of light work.

R. 84. In making this finding the ALJ states that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical and other evidence, based on the requirements of [the regulations and Social Security Rules]." R. 85.

With respect to the Claimant's testimony, the ALJ states the following:

> The claimant testified that her neurologist put her on two kinds of medication for her headaches. She wakes up in the morning with a pounding head. The claimant developed depression and had thoughts of suicide. She still has mood swings. The claimant wakes up and has cereal. She gets the kids ready for daycare. She has loss of energy and cannot function. When she has a migraine, her blood pressure goes up and she cannot focus or [concentrate]. She had difficulty dealing with people. Family members would take the kids to the park, she does not go. She stated that the sun hurts her eyes. She used to take care of their bills, but she kept over drafting the account. When she takes her Naprsyn, she gets about 30 minutes of relief.

R. 89. Thus, the ALJ's summary of Claimant's testimony does not address Claimant's testimony that she is no longer taking the medications prescribed by her neurologist because she can no longer afford to see the neurologist. R. 89. Immediately following this summary, the ALJ makes the following credibility determination:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC].

R. 89. Thereafter, the ALJ proceeds to provide reasons for the above-stated credibility determination. R. 90.

The ALJ states:

> A state agency physician had the opportunity to evaluate the medical evidence and opined that the claimant could sit, stand and walk six hours in an eight-hour workday and lift 20 pounds occasionally and

>10 pounds frequently. The physical examinations, laboratory studies and her activities of daily living are minimal for any disabling physical or mental impairments. Prior to the alleged onset date, the claimant did have a status post subarachnoid hemorrhage. She had undergone CT scans of the brain and MRI's of the brain indicating no reoccurrence of this hemorrhage. There were tiny scattered foci of increased T2 signal involving the subcortical white matter of the frontal lobes bilaterally. <u>Given the claimant's history of headaches, these most likely reflect sequel of migraines. The claimant was prescribed Fioricet and the following visit she indicated that her headaches were better and less intense (Exhibit 11F/4). In January 2012, the claimant reported she had 3-4 episodes per week that last for only a few minutes, mainly in the morning when she wakes up with the same intensity (Exhibit 34F/1). Her neurological examinations have been unremarkable.</u> She has a normal gait and no ataxia. Her cranial nerve is normal. The claimant has full range of motion of her upper and lower extremities without tenderness or deformity. Her spine showed no decrease in motion or muscle spasms. Her grip was noted to be 25 pounds with the right hand and 50 pounds with the left. The claimant also has high blood pressure that has been hard to control. However, she has not suffered from any cardiology problems secondary to her blood pressure. Her chest x-ray was normal and her EKG showed normal sinus rhythm. The claimant had good exercise capacity. The emergency room visit in May 2011 indicated that her chest pain seemed to be anxiety and not cardiac related. In fact, Dr. Lanzas-Fuentes indicated that she could walk as long as she needed to walk in a job situation. He further indicated that she was able to perform fine and dexterous hand movements, turning a doorknob and work, which require the hands. The claimant reported that she was in no pain or had intermittent pain. There are no treating physicians placing limitations on the claimant.

R. 90 (emphasis added and some citations omitted). Thus, as one of the reasons for finding Claimant's subjective statements not credible, the ALJ states Claimant' headache symptoms had improved since being placed on Fioricet. R. 90. The ALJ does not address Claimant's testimony that she is no longer taking Fioricet or being treated by a neurologist after losing her insurance. R. 90, 107-109. Later, the ALJ states that "[a]ll of the claimant's alleged limitations, including her headaches have been considered in determining her [RFC]. The activities of daily living and medical reports analyzed above support this [RFC]." R. 91. A review of the ALJ's December

15, 2011 decision (R. 178-79) reveals that the credibility determination therein is nearly identical to the ALJ's credibility determination in the November 15, 2012 decision (R. 90).

The ALJ's credibility determination with respect to Claimant's subjective allegations of symptoms and limitations resulting from her headaches is not supported by substantial evidence. The Claimant clearly testified that she is no longer able to obtain a prescription for Fioricet or Semitrogram, or receive treatment from her neurologist, due to a lack of insurance. R. 107-08. Claimant further testified that since she cannot afford those medications, she continues to experience headaches three to four times per week and continues to have headaches upon waking with only minimal relief from Naproxen. R. 109, 117. In the decision, the ALJ focuses on the relief Claimant experienced while on Fioricet, but never addresses Claimant's testimony that she no longer has access to that medication. R. 89-90. Without ALJ articulating how she resolved the Claimant's testimony that she no longer has access to that medication due to a lack of insurance (R. 107-09), the Court cannot conclude that the ALJ's credibility determination is supported by substantial evidence. *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) ("[W]hile a remediable or controllable medical condition is generally not disabling, when a claimant cannot afford the prescribed treatment and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law.") (internal citations and quotations omitted).

Based on the forgoing, the Court finds that the case must be remanded for further proceedings. *See, e.g.*, *Howell v. Astrue*, No. 8:10-cv-2175-T-26TGW, 2011 WL 4002557, at *4-5 (explaining that the proper remedy is remanding case to Commissioner due to ALJ's failure to provide a meaningful explanation for his credibility determination).[3]

---

[3] Claimant also argues that the ALJ erred by failing to weigh the medical opinions of record. Doc. No. 27 at 23-24. However, because the case must be remanded based on the ALJ's above stated error, it is unnecessary to address that argument. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

**III. CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on December 7, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Janet Mahon
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801